IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA SCOTT TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-3213-M-BN |
| | § | |
| CITY OF DALLAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER ON DEFICIENT ALLEGATIONS AND ALLOWING LEAVE TO AMEND POST-REMOVAL**

Based on his July 2026 arrest and related detention, Plaintiff Joshua Scott Taylor filed (in a Dallas County state court) a *pro se* lawsuit against the City of Dallas, Texas and Dallas County, Texas, alleging that both municipalities are liable under 42 U.S.C. § 1983 because each violated his constitutional rights. *See, e.g.*, Dkt. No. 1-2 at 18-27 (first amended state court petition).

The City answered the original petition in state court and then removed, noting that there was no record that the County (only added through the first amended petition) was served prior to removal. *See* Dkt. No. 1.

United States District Judge Kasdin M. Mitchell referred the removed lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. *See also* Dkt. No. 5.

As Taylor seems to recognize in the operative complaint, "[a] person may sue a municipality that violates his or her constitutional rights [only] 'under color of any statute, ordinance, regulation, custom, or usage.'" *Hutcheson v. Dall. Cnty., Tex.*, 994

F.3d 477, 482 (5th Cir. 2021) (quoting 42 U.S.C. § 1983; citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)); *see, e.g.*, Dkt. No. 1-2 at 21, 23 ¶¶ 45, 70 (alleging, as applicable, that the City and the County are "liable under 42 U.S.C. § 1983 to the extent Plaintiff establishes that" "the complained-of conduct was caused by" or "the condition resulted from" "an official" "policy, custom, [or] practice"); *accord Est. of Bonilla v. Orange Cnty., Tex.*, 982 F.3d 298, 308 (5th Cir. 2020) ("Under *Monell*, a plaintiff must show either an official policy or persistent and widespread customs. Under conditions of confinement, the plaintiff must show an intended condition or practice, or show that jail officials acts are sufficiently extended or pervasive to prove an intended condition or practice. We see no meaningful difference between these showings. Moreover, the standard of causation appears to be same: the policy or custom must have been the moving force behind the violation." (cleaned up)).

And, so, to plausibly plead liability as to the City and the County, Taylor "has two burdens: to [allege] (1) that a constitutional violation occurred and (2) that a municipal policy was the moving force behind the violation." *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020) (citing *Monell*, 436 U.S. at 694).

To plausibly allege that a policy was the moving force,

> a plaintiff must identify "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up). Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

*Hutcheson*, 994 F.3d at 482.

These elements are "necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001).

And, where a plaintiff's claim fails as to one prong, a court "need not consider whether [the plaintiff's] claim also fails the other two *Monell* prongs." *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 & n.11 (5th Cir. 2021) (citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010)).

"Official policy can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (citations omitted).

And, in rare circumstances, "a single decision by a policymaker may … constitute a policy for which a municipality may be liable," where (1) the "decision was made by a final policymaker, and (2) a plainly obvious consequence of the decision is a constitutional violation." *Doe v. Englewood Indep. Sch. Dist.*, 964 F.3d 351, 366 (5th Cir. 2020) (cleaned up); *see also Johnson v. Harris Cnty.*, 83 F.4th 941, 946 (5th Cir. 2023) ("[A]n official policy includes the decisions of a government's law-makers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." (cleaned up)).

"Under the second requirement, a plaintiff must show '[a]ctual or constructive knowledge of [a] custom' that is 'attributable to the governing body of the

municipality or to an official to whom that body ha[s] delegated policy-making authority.'" *Allen v. Hays*, 65 F.4th 736, 749 (5th Cir. 2023) (citation omitted).

A plaintiff must then "allege 'moving force' causation by showing first, 'that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.'" *Id.* (citation omitted).

As to the causation required, "[t]his connection must be more than a mere 'but for' coupling between cause and effect." *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992) (footnote omitted). That is because the "moving force" is the "catalyst" for the injury in question, not merely a "contributing factor." *Johnson v. Cook Cnty.*, 526 F. App'x 692, 695-96 (7th Cir. 2013) (per curiam).

"[T]he failure to provide proper training [or supervision] may fairly be said to represent a policy for which the [municipality] is responsible, and for which [it] may be held liable if it actually causes injury." *Shumpert v. City of Tupelo*, 905 F.3d 310, 317 (5th Cir. 2019) (citation omitted). And, although "a separate theory of municipal liability," "the same standard applies both to a failure to train [or to supervise] claim and to a municipal liability claim." *Pinedo v. City of Dall., Tex.*, No. 3:14-cv-958-D, 2015 WL 5021393, at *9 (N.D. Tex. Aug. 25, 2015) (citations omitted).

"The ratification theory provides another way of holding a city liable under § 1983" but only "if the policymaker approves a subordinate's decision and the basis for it, as this 'ratification' renders the subordinate's decision a final decision by the policymaker." *Allen*, 65 F.4th at 749 (footnote omitted).

And, most importantly, regardless of the theory of municipal liability, "[t]o proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts.'" *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (citation and footnote omitted).

That is because "[t]he causal link 'moving force' requirement and the degree of culpability 'deliberate indifference' requirement must not be diluted, for 'where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability.'" *Alvarez v. City of Brownsville*, 904 F.3d 382, 390 (5th Cir. 2018) (en banc) (citations omitted).

Examining the operative complaint filed in state court prior to removal, all Taylor has offered are conclusions – that is, there are no specific facts from which the Court may reasonably infer that what allegedly happened to him occurred because of a policy or custom. *Cf. Shepherd v. Dall. Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009) ("[A] condition may reflect an unstated or *de facto* policy, as evidenced by a pattern of acts or omissions sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by jail officials, to prove an intended condition or practice. Proving a pattern is a heavy burden, one that has rarely been met in our caselaw." (cleaned up)).

Absent such factual allegations, the Court may only conclude that Taylor has failed to plausibly allege liability against the named defendants since allegations "limited to the events surrounding the plaintiff" cannot even constitute "an allegation

of a *de facto* policy … by [a municipality]," *Culbertson v. Lykos*, 790 F.3d 608, 629 (5th Cir. 2015); *accord Hutcheson*, 994 F.3d at 482, as such allegations do "not plausibly allege *any* pattern of conduct – much less a pattern of similar violations," *Johnson v. Harris Cnty.*, 83 F.4th 941, 947 (5th Cir. 2023) (emphasis in original).

That said, federal district courts routinely allow *pro se* litigants an opportunity to amend their pleadings after removal. *See Plamquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 303 (5th Cir. 2024) ("[A] plaintiff should not be penalized for adhering to the pleading standards of the jurisdiction in which the case was originally brought. Otherwise, where there are potentially diverse parties, plaintiffs would essentially have to plead the federal pleading standard in state court for fear of having their claims against non-diverse parties thrown out upon reaching federal courts for failing to comply with the demands of [Federal Rule of Civil Procedure] 12(b)(6)." (citing *Peña*, 879 F.3d at 617 ("Removal from a notice-pleading jurisdiction is a natural time at which justice would call for the court to permit such an amendment." (citing *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013))))).

And, so, the Court GRANTS Taylor leave to file a second amended complaint by **November 16, 2026** to address the deficiencies set out above.

And, if Taylor fails to cure these deficiencies, the undersigned will recommend that the Court dismiss this lawsuit on its own motion under Rule 12(b)(6).

SO ORDERED.

DATED: October 15, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE