IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA SCOTT TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-3213-M-BN |
| | § | |
| CITY OF DALLAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Based on his July 2026 arrest and related detention, Plaintiff Joshua Scott Taylor filed (in a Dallas County state court) a *pro se* lawsuit against the City of Dallas, Texas and Dallas County, Texas, alleging that both municipalities are liable under 42 U.S.C. § 1983 because each violated his constitutional rights. *See, e.g.*, Dkt. No. 1-2 at 18-27 (the first amended state court petition ("Amended Petition")).

The City answered the original petition in state court and then removed, noting that there was no record that the County (only added by the Amended Petition) was served prior to removal. *See* Dkt. No. 1.

United States District Judge Kasdin M. Mitchell referred the removed lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. *See also* Dkt. No. 5.

After reviewing the notice of removal, the undersigned entered a memorandum opinion and order on the deficient allegations in Taylor's operative complaint at the time of removal, the Amended Petition, explaining that it fails to plausibly allege

liability against the two named defendants, both municipalities, and offering Taylor an opportunity to cure the pleading deficiencies by filing an amended complaint. *See Taylor v. City of Dall.*, No. 3:26-cv-3213-M-BN, 2026 WL 3084888 (N.D. Tex. Oct. 15, 2026) [Dkt. No. 7] (the "MOO" or "*Taylor I*"); *cf. Plamquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 303 (5th Cir. 2024) ("[A] plaintiff should not be penalized for adhering to the pleading standards of the jurisdiction in which the case was originally brought. Otherwise, where there are potentially diverse parties, plaintiffs would essentially have to plead the federal pleading standard in state court for fear of having their claims against non-diverse parties thrown out upon reaching federal courts for failing to comply with the demands of [Federal Rule of Civil Procedure] 12(b)(6)." (citing *Peña v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018) ("Removal from a notice-pleading jurisdiction is a natural time at which justice would call for the court to permit such an amendment." (citing *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013))))).

Taylor responded to the MOO with a second amended complaint. *See* Dkt. No. 8. For the reasons set out below, this filing presents allegations that are as deficient – or maybe more deficient – than those in the prior version of the complaint. And, because Taylor filed an amended complaint after being apprised of the applicable pleading standards, the Court should conclude that he has now stated his best case and should dismiss this case with prejudice on its own motion under Rule 12(b)(6). *Cf. Taylor I*, 2026 WL 3084888, at *4 ("[I]f Taylor fails to cure these deficiencies, the undersigned will recommend that the Court dismiss this lawsuit on its own motion

under Rule 12(b)(6).”).

**Legal Standards**

A district court may “consider the sufficiency of the complaint on its own initiative.” *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (citation omitted); *see also Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at *1 n.1 (5th Cir. Jan. 4, 2000) (per curiam) (“[I]t is well-established that the district court may dismiss a complaint on 12(b)(6) grounds *sua sponte*.” (citations omitted)).

Considering a dismissal under Rule 12(b)(6), the Court “accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.” *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead “enough facts to state a claim to relief that is plausible on its face,” *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity “to raise a right to relief above the speculative level,” *id.* at 555.

“A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) (“[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.”).

“The plausibility standard is not akin to a ‘probability requirement,’ but it asks for more than a sheer possibility that a defendant has acted unlawfully.” *Iqbal*, 556

U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions. So, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

So, "to survive" dismissal under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing

FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

"The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted). And "[a] magistrate judge's report and recommendation constitutes sufficient notice and opportunity, as the parties can submit objections to the recommended findings and conclusions." *Jones v. City of Dall., Tex.*, No. 24-10803, 2025 WL 2491127, at *6 (5th Cir. Aug. 29, 2025) (per curiam) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

**Analysis**

As set out in the MOO,

> Taylor seems to recognize in the operative complaint [at the time of removal that] "[a] person may sue a municipality that violates his or her constitutional rights [only] 'under color of any statute, ordinance, regulation, custom, or usage.'" *Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021) (quoting 42 U.S.C. § 1983; citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)); *see, e.g.*, Dkt. No. 1-2 at 21, 23 ¶¶ 45, 70 (alleging, as applicable, that the City and the County are "liable under 42 U.S.C. § 1983 to the extent Plaintiff establishes that" "the complained-of conduct was caused by" or "the condition resulted from" "an official" "policy, custom, [or] practice"); *accord Est. of Bonilla v. Orange Cnty., Tex.*, 982 F.3d 298, 308 (5th Cir. 2020) ("Under *Monell*, a plaintiff must show either an official policy or persistent and widespread customs. Under conditions of confinement, the plaintiff must show an intended condition or practice, or show that jail officials acts are sufficiently extended or pervasive to prove an intended condition or practice. We see no meaningful difference between these

showings. Moreover, the standard of causation appears to be same: the policy or custom must have been the moving force behind the violation." (cleaned up)).

And, so, to plausibly plead liability as to the City and the County, Taylor "has two burdens: to [allege] (1) that a constitutional violation occurred and (2) that a municipal policy was the moving force behind the violation." *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020) (citing *Monell*, 436 U.S. at 694).

> To plausibly allege that a policy was the moving force, a plaintiff must identify "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up). Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

*Hutcheson*, 994 F.3d at 482.

These elements are "necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001).

And, where a plaintiff's claim fails as to one prong, a court "need not consider whether [the plaintiff's] claim also fails the other two *Monell* prongs." *Brown*, 985 F.3d at 494 & n.11 (citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010)).

"Official policy can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (citations omitted).

And, in rare circumstances, "a single decision by a policymaker may … constitute a policy for which a municipality may be liable," where (1) the "decision was made by a final policymaker, and (2) a plainly obvious consequence of the decision is a constitutional violation." *Doe v. Englewood Indep. Sch. Dist.*, 964 F.3d 351, 366 (5th Cir. 2020) (cleaned up); *see also Johnson v. Harris Cnty.*, 83 F.4th 941, 946 (5th Cir. 2023) ("[A]n official policy includes the decisions of a government's law-makers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." (cleaned up)).

"Under the second requirement, a plaintiff must show '[a]ctual or

constructive knowledge of [a] custom' that is 'attributable to the governing body of the municipality or to an official to whom that body ha[s] delegated policy-making authority.'" *Allen v. Hays*, 65 F.4th 736, 749 (5th Cir. 2023) (citation omitted).

A plaintiff must then "allege 'moving force' causation by showing first, 'that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.'" *Id.* (citation omitted).

As to the causation required, "[t]his connection must be more than a mere 'but for' coupling between cause and effect." *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992) (footnote omitted). That is because the "moving force" is the "catalyst" for the injury in question, not merely a "contributing factor." *Johnson v. Cook Cnty.*, 526 F. App'x 692, 695-96 (7th Cir. 2013) (per curiam).

"[T]he failure to provide proper training [or supervision] may fairly be said to represent a policy for which the [municipality] is responsible, and for which [it] may be held liable if it actually causes injury." *Shumpert v. City of Tupelo*, 905 F.3d 310, 317 (5th Cir. 2019) (citation omitted). And, although "a separate theory of municipal liability," "the same standard applies both to a failure to train [or to supervise] claim and to a municipal liability claim." *Pinedo v. City of Dall., Tex.*, No. 3:14-cv-958-D, 2015 WL 5021393, at *9 (N.D. Tex. Aug. 25, 2015) (citations omitted).

"The ratification theory provides another way of holding a city liable under § 1983" but only "if the policymaker approves a subordinate's decision and the basis for it, as this 'ratification' renders the subordinate's decision a final decision by the policymaker." *Allen*, 65 F.4th at 749 (footnote omitted).

And, most importantly, regardless of the theory of municipal liability, "[t]o proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts.'" *Peña*, 879 F.3d at 622 (citation and footnote omitted).

That is because "[t]he causal link 'moving force' requirement and the degree of culpability 'deliberate indifference' requirement must not be diluted, for 'where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability.'" *Alvarez v. City of Brownsville*, 904 F.3d 382, 390 (5th Cir. 2018) (en banc) (citations omitted).

Examining the operative complaint filed in state court prior to removal, all Taylor has offered are conclusions – that is, there are no specific facts from which the Court may reasonably infer that what allegedly happened to him occurred because of a policy or custom. *Cf.*

> *Shepherd v. Dall. Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009) ("[A] condition may reflect an unstated or *de facto* policy, as evidenced by a pattern of acts or omissions sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by jail officials, to prove an intended condition or practice. Proving a pattern is a heavy burden, one that has rarely been met in our caselaw." (cleaned up)).
>
> Absent such factual allegations, the Court may only conclude that Taylor has failed to plausibly allege liability against the named defendants since allegations "limited to the events surrounding the plaintiff" cannot even constitute "an allegation of a *de facto* policy … by [a municipality]," *Culbertson v. Lykos*, 790 F.3d 608, 629 (5th Cir. 2015); *accord Hutcheson*, 994 F.3d at 482, as such allegations do "not plausibly allege *any* pattern of conduct – much less a pattern of similar violations," *Johnson v. Harris Cnty.*, 83 F.4th 941, 947 (5th Cir. 2023) (emphasis in original).

*Taylor I*, 2026 WL 3084888, at *1-*3 (citations modified).

In the second amended complaint, which seems to allege claims only against the City, Taylor again offers mere conclusions insofar as he alleges that the City is "responsible for the operation, supervision, policies, customs, practices, and employees of the detention facility where Plaintiff was held." Dkt. No. 8 at 2.

And Taylor has not alleged a policy, custom, or practice of the City to the extent that he adds allegations regarding the number of employees he contends were aware of the alleged misconduct against him. *See id.* at 1 (alleging that, "[a]t various times during Plaintiff's detention, many employees were present (usually 5-10) while the conditions and treatment described in this complaint occurred"; "that these employees could reasonably observe and hear the circumstances described below, including Plaintiff's requests for food and his visible shivering, but did not provide assistance or intervene"; "that other detainees reported being transferred to the colder holding cell when officers were unhappy with them as well"; that "[t]hese incidents are relevant to whether the conduct reflected a recurring practice rather

than an isolated event"; "that the number of personnel involved and the circumstances surrounding the alleged mistreatment raise questions about whether these incidents are commonplace"; and "that the casual manner in which some personnel appeared to respond to the conditions may be relevant to whether similar conduct was known or tolerated by others").

In addition to being vague and conclusory, these assertions lack factual content that could tie the employees' alleged conduct to the municipality. As such, all Taylor has asserted is that the City is liable under a theory of respondeat superior. And he has not alleged what must be presented absent an explicit policy – "practices so persistent and widespread as to practically have the force of law." *Johnson v. Harris Cnty.*, 83 F.4th 941, 946 (5th Cir. 2023) (quoting *Peña*, 879 F.3d at 621-22).

"Plausibly to plead that a practice is 'so persistent and widespread as to practically have the force of law, a plaintiff must do more than describe the incident that gave rise to his injury.'" *Id.* (quoting *Peña*, 879 F.3d at 622).

A plaintiff should instead at least "point[] to similar incidents that are sufficiently numerous and have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of [municipal] employees." *Robinson v. Midland Cnty., Tex.*, 80 F.4th 704, 710 (5th Cir. 2023) (cleaned up; quoting *Martinez v. Nueces Cnty.*, 71 F.4th 385, 389 (5th Cir. 2023) (quoting *Peterson*, 588 F.3d at 850-51)).

"That knowledge, coupled with a failure to act, can show the existence of a

municipal policy." *Id.*

And, under these circumstances – where the Court notified the plaintiff of the specific deficiencies that require dismissal, offered the plaintiff an opportunity to cure those deficiencies, and the plaintiff then files an amended pleading presenting the same deficiencies – it's very likely that Taylor has now alleged a "best case," so further leave to amend need not be granted. *See, e.g.*, *Allen v. Navy Fed. Credit Union*, No. 3:24-cv-949-L-BN, 2025 WL 484818, at *13 (N.D. Tex. Feb. 13, 2025) ("Granting leave to amend ... is not necessary when the plaintiff has pleaded his or her 'best case' after being apprised of pleading deficiencies. Likewise, a district court need not grant a motion to amend if doing so would be an exercise in futility." (citations omitted)).

That said, the opportunity to file objections to these findings, conclusions, and recommendation (as further explained below) allows Taylor yet another opportunity to show that this case should not be dismissed and that the Court should instead grant further leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects." (citations omitted)).

Still, the Court should dismiss this lawsuit with prejudice if Taylor fails to file timely objections that show a basis to amend to allege a plausible claim – that is, one supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Recommendation

Unless Plaintiff Joshua Scott Taylor shows through timely objections a basis to further amend the complaint to allege a plausible claim, the Court should dismiss this lawsuit with prejudice on its own motion under Federal Rule of Civil Procedure 12(b)(6).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 22, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE